# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:05cr71 |
| | : | No. 3:10cv1587 |
| v. | : | |
| | : | (Judge Munley) |
| **JOSEPH DIFILIPPO,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant Joseph DiFillipo's motion to vacate sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

**Background**

On October 4, 2005, the United States of America (hereinafter "United States" or "government") filed a one-count criminal complaint against the defendant. (Doc. 1, Compl.). The complaint charged the defendant with distribution and possession with intent to distribute in excess of fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Id.) The government filed a felony information regarding the charges on February 9, 2005. (Doc. 15). On February 23, 2005, the defendant pled guilty to the information. (Doc. 19, Am. Plea Agreement; Doc. 22, Guilty Plea).

According to the Presentence Investigation Report (hereinafter "PSR") the defendant had a total offense level of 34, and he was a career offender with a criminal history category of VI under the United States Sentencing Guidelines (hereinafter "Guidelines"). The guideline imprisonment range was computed as 262 to 327 months. (PSR ¶ 48). The government filed a motion for downward departure under Section

5K1.1 of the Guidelines, suggesting as appropriate a guideline range of 168 months to 210 months. (Doc. 26). The defendant also filed a motion for downward departure and asked the court to depart downward from the applicable Guidelines range. (Doc. 25). The court did in fact depart downward from the applicable Guidelines range when, on May 25, 2005, we sentenced the defendant to 120 months imprisonment followed by five years of supervised release. (Doc. 28, Criminal Judgment). Defendant did not appeal his sentence at that time. This sentence represents the mandatory minimum sentence for the crime to which the defendant pled guilty.

On April 23, 2008, defendant filed a motion for modification of his sentence under the retroactive crack cocaine sentencing amendment. (Doc. 30). The government opposed the motion. (Doc. 34, Govt. Opp. Br.). The court denied the motion on July 10, 2008. (Doc. 38, Order of July 10, 2008). The reasoning provided in the order denying the motion indicated that, as a career offender, defendant did not qualify for a sentence reduction. (Id.) Defendant appealed this decision to the Third Circuit Court of Appeals. (Doc. 39, Notice of Appeal). The Third Circuit denied the appeal on July 21, 2009 and issued its mandate and an opinion on October 14, 2009. (Docs. 41 & 42).

On January 21, 2010, defendant filed a document ostensibly seeking an extension of time to file a motion pursuant to sections 2255 and 2241. (Doc. 43). The court eventually construed this as a section 2255 motion and issued a notice of election order pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). (Doc. 48). Defendant returned the notice of election, indicating that he chose to have the court re-

characterize the motion as a motion for relief under 28 U.S.C. § 2255. (Doc. 49). He further filed an amendment to the motion. (Doc. 51). The court then ordered the government to respond to the defendant's motions. (Doc. 52, Order of Aug. 26, 2010). The government filed its response to the petition on September 9, 2010, and the defendant filed a reply thereto on October 8, 2010. (Docs. 53 & 54). The matter is thus ripe for disposition.

**Standard of review**

Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

**Discussion**

Defendant seeks a re-sentencing on the basis that the court, in sentencing him, erroneously considered him a career offender under the Guidelines. The United States argues that the defendant's crime had a mandatory minimum sentence of 120 months, which the court imposed. Because the minimum is mandatory, the court had no discretion to go below that minimum, and the defendant is not entitled to a new sentencing. After a careful, we agree with the government.

First, we will address the defendant's claim that he should not have been deemed a career offender based upon Chambers v. United States, - - U.S. - - , 129 S. Ct. 687 (2009). The Guidelines provide that a defendant is deemed a career offender where: 1) He was at least eighteen years of age

3

when he committed the instant offense; 2) The instant offense is a felony and either a crime of violence or a controlled substance offense; and 3) The defendant has at least two prior felony convictions that are either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

In the instant case, it is uncontested that the defendant was at least eighteen years of age when he committed the offense and that it was a controlled substance offense. Therefore, the only issue is whether he has two prior offenses that are either crimes of violence or controlled substance crimes. The PSR indicates that he has two prior felony convictions that are crimes of violence. These crimes are 1) Recklessly Endangering Another Person and Fleeing and Eluding and 2) Escape. (PSR ¶ ¶ 31-32).

Defendant now argues that the Escape conviction is not a conviction of a crime of violence, and therefore, he should not have been deemed a career offender. A Pennsylvania state court convicted defendant of Escape. The crime of Escape is defined as: "A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 PA. CONS. STAT. ANN. § 5121. Evidently, in defendant's case, authorities temporarily allowed him out of detention for the purpose of employment. He did not return to detention at the required time. (Doc. 51, Section 2255 Amendment, Ex. pg. 9). Defendant argues that after he was deemed a career offender and sentenced by this court, the United States Supreme Court decided <u>Chambers</u> <u>supra</u> which holds that "Escape" is not a crime of violence.

In <u>Chambers</u>, the Supreme Court addressed whether an Illinois conviction of "failure to report for custody" qualified as a "violent felony"

4

with regard to sentencing under the Armed Career Criminal Act ("ACCA"). The Court determined that a proper analysis involved not looking at the particular facts of the case, but rather the generic crime. Id. at 691. The Court reasoned that "failure to report" is not a violent felony because it is a form of inaction, not something purposeful, violent or aggressive. Id. at 692. Thus, the crime did not fall in the scope of ACCA's definition of "violent felony." Id. at 693.

Likewise, in the instant case, the state court convicted defendant of failing to return to detention after being let out for work release. Like the crime in Chambers this is a crime of inaction, and is not something violent or aggressive.

Indeed the Third Circuit Court of Appeals has applied the holding of Chambers to determine the crime of Escape in Pennsylvania is considered a nonviolent crime under the Guidelines. United States v. Hopkins, 577 F.3d 507, 515 (3d Cir. 2009). Like Defendant DeFilippo, the defendant in Hopkins had been convicted in Pennsylvania of Escape. Hopkins, however, instead of merely failing to return to detention, had "escaped" by attempting to flee from police when they went to his residence regarding his failure to appear in court on a traffic violation. Id. at 513. The Third Circuit found that he had been convicted of the crime of "'unlawfully remov[ing] himself from . . . arrest' on a misdemeanor charge without 'employ[ing] force, threat, deadly weapon or other dangerous instrumentality.'" Id. (quoting 18 PA. CONS. STAT. ANN. §§ 5121(a),(d),(e)). The court ultimately concluded that the escape crime that Hopkins had been found guilty of was not a violent felony. Id. at 515.

Accordingly, we agree with the defendant that under Chambers, his

conviction for Escape is not a crime of violence, and he is, therefore, not a career offender under the Guidelines.  Before granting the defendant a re-sentencing, however, we must determine whether this status would have had any affect on his sentence.

Defendant argues that if he had not been deemed a career criminal, he would have fallen within the "safety valve" provision of the Guidelines which allow the court to sentence below the relevant mandatory minimum in certain instances.  After a careful review, we disagree with the defendant and agree with the government that the defendant did not fall within the "safety valve" provision of the Guidelines, regardless of whether he is considered a "career criminal."

If a defendant has more than one criminal history point under the Guidelines, he is not entitled to the "safety valve" and thus not entitled to less than the mandatory minimum.[1]  Here the defendant even if the

---

[1] Requirements for application of the safety valve are found in 18 U.S.C. § 3553(f), which provides:
> Limitation on applicability of statutory minimums in certain cases.--Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

"Escape" crime is not added in, had six (6) criminal history points - three for criminal trespass in February 1992 and three for recklessly endangering another person and fleeing and eluding police in August 1996. (See PSR ¶¶ 30, 32). Accordingly, he is not entitled to the "safety valve" provision of the Guidelines and the court properly sentenced him to the mandatory minimum of 120 months.

The defendant also claims that he could be given a lower sentence

---

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

because of the crack cocaine sentencing amendments.  We are unconvinced.  The court sentenced the defendant to the mandatory minimum for the crime.  The court could sentence him below this minimum if the government motion filed under 18 U.S.C. § 3553(e), which provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below the level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  In this case, the government never filed such a motion to have the defendant sentenced below the mandatory minimum.   Thus, regardless of whether defendant is a "career offender" or not, he is not entitled to a sentence lower than the statutory mandatory minimum.  See e.g. United States v. Eirng, Criminal Action No. 05-69, 2008 WL 2710767 * 3 (E.D. Pa. Oct. 23, 2008) (explaining that the defendant was not eligible for a reduction in sentence under the crack cocaine sentencing amendment because he was sentenced to the statutory mandatory minimum).

   For the reasons set forth above, the defendant's  motion for relief under 28 U.S.C. § 2255 will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:05cr71 |
| | : | No. 3:10cv1587 |
| v. | : | |
| | : | (Judge Munley) |
| **JOSEPH DIFILIPPO,** | : | |
| **Defendant** | : | |

## **ORDER**

**AND NOW**, to wit, this 29th day of October 2010, the defendant's motion for relief filed pursuant to 28 U.S.C. § 2255 (Docs. 43 & 47) is hereby **DENIED**. Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**